**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-6994

MICHAEL S. GORBEY,

                Petitioner - Appellant,

        v.

STATE OF WEST VIRGINIA; D.C. JAIL WARDEN,

                Respondents - Appellees.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.   Gina M. Groh, District Judge.  (3:13-cv-00169-GMG-JES)

Submitted:  October 16, 2014          Decided:  October 22, 2014

Before MOTZ, WYNN, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Michael S. Gorbey, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael S. Gorbey seeks to appeal the district court's order dismissing his habeas action for failure to prosecute and denying his Fed. R. Civ. P. 60(b) motion. We dismiss the appeal of the underlying dismissal order for lack of jurisdiction because the notice of appeal was not timely filed. As to the Rule 60(b) motion, we deny a certificate of appealability and dismiss the appeal.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on March 14, 2014; the time for filing a notice of appeal expired on April 14, 2014. See Fed. R. App. P. 26(a)(1)(C). Thus, Gorbey's Rule 60(b) motion, which he filed on June 12, 2014,[*] could not toll the appeal period. The notice of appeal

---

[*] For the purpose of this appeal, we assume that the date appearing on Gorbey's motion is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

was filed on June 29, 2014. Because Gorbey failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss Gorbey's appeal of the district court's dismissal order.

Turning to the district court's denial of Gorbey's Rule 60(b) motion, that order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Gorbey has not made the requisite showing. Accordingly, we deny leave to proceed in forma pauperis, deny a certificate of appealability, and dismiss the appeal. We dispense with oral

3

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>
